**JAIN LAW OFFICES, P.C.**
Kunal Jain, SBN 296642
Kunal@JainLawOffices.com
James L. Hanger III, SBN 293416
James@JainLawOffices.com
10866 Wilshire Blvd, STE 400-#777
Los Angeles, CA 90024
Business: (310)-957-2214
Facsimile: (424)-313-7123


**J.B. TWOMEY LAW**
J.B. Twomey [SBN 294206]
JB@JBTwomeyLaw.com
7056 Archibald Street, Suite 102-452
Corona, California 92880
Telephone: (310) 980-6357
Facsimile: (818) 937-6897

Attorneys for Plaintiffs,
      DIANE KHACHATURIAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE KHACHATURIAN, an individual, on behalf of herself, other current and former aggrieved employees, and the State of California, as a private attorneys general;,<br><br>      Plaintiffs,<br><br>vs.<br><br>LIVHOME, INC., a Delaware corporation; and DOES 1 through 10, Inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Violations of *Cal. Labor Code* § 1194<br>2. Violations of *Cal. Labor Code* § 1194.2<br>3. Violations of *Cal. Labor Code* §§ 510 & 204.3<br>4. Violations of *Cal. Labor Code* § 512<br>5. Violations of *Cal. Labor Code* § 226.7<br>6. Violations of *Cal. Labor Code* § 2802<br>7. Violations of *Cal. Labor Code* § 226<br>8. Violations of *Cal. Labor Code* §§ 204 & 210<br>9. Violations of *Cal. Labor Code* § 203<br>10. Violations of *Cal. Bus. & Prof. Code* §17200<br>11. Violations of *Cal. Labor Code* § 2698, *et. seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DIANE KHACHATURIAN, as an individual and on behalf of (1) herself as aggrieved employee, (2) other current and former aggrieved employees, and (3) the State of California as a private attorneys generals, under the Labor Code Private Attorneys General Act of 2004, Section 2698, *et seq.*, hereby complains, alleges and states as follows:

## PARTIES

1. At all times relevant herein, Defendant LIVHOME, INC. was and is a corporation incorporated in Delaware and doing business in the State of California, County of Los Angeles.

2. Defendant LIVHOME, INC., and Defendant DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

3. At all times relevant herein, Plaintiff DIANE KHACHATURIAN (hereinafter individually referred to as "Plaintiff Khachaturian" or "Plaintiff") was employed by and worked for Defendants, and each of them, in the State of California, County of Los Angeles.

4. Plaintiff and any and all of Defendants' current and former non-exempt California employees, including but not limited to, any and all office/staffing employees and caregivers working/based out of, including but not limited to, Defendants' Paso Robles, Walnut Creek, San Jose, Riverside, Palm Desert, Santa Barbara, Los Angeles and Orange County locations are collectively referred to as "Aggrieved Employees."

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1 through 10, Inclusive, and each of them, are unknown to Plaintiffs, whom therefore bring this action against said Defendants.

///

///

///

///

6.    Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each of the Defendants and Does 1 through 10, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, and/or joint venturer  or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants have ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

## **<u>JURISDICTION AND VENUE</u>**

7.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

8.    Plaintiff is informed and believes, and thereupon alleges that Defendants is/are a Delaware Corporation, having principal executive office at 5670 Wilshire Blvd., Los Angeles, California 90036.

9.    Plaintiff is a citizen of California and is, and has been domiciled in the state for the duration of her employment with Defendants and at the time of this complaint.

10.   As such, Plaintiff is informed and believes, and thereupon alleges that the parties are completely diverse for purposes of jurisdiction.

COMPLAINT FOR DAMAGES

11. Plaintiff is further informed, believes, and thereupon alleges that Defendants' acted in violation of the provisions set forth in the *California Labor Code*, resulting in damages to Plaintiff including, but not limited to, misclassifying as exempt when she and employees were non-exempt, failing to pay minimum wages, failing to pay overtime, failing to pay all wages earned twice during a calendar month, failing to provide adequate meal and rest breaks, and pay the penalties, failing to provide adequate/accurate wage statements, failing to reimburse for necessary business expenses and failing to pay all wages due at the time employment ended.

12. Plaintiff is informed and believe that in the four years last past, Defendants' conduct has caused her greater than $75,000.00 in damages, including without limitation, penalties, attorneys' fees, costs, interest, liquidated damages, and other damages permissible under the *California Labor Code*.

13. The above-captioned Court has jurisdiction over this action and has personal jurisdiction over Defendants, which had minimum contacts in this State due to its: (1) conducting business in the State of California; (2) hiring and maintaining employees in the State of California; and (3) availing itself/themselves of the protection of the laws of the State of California.

14. Venue in the above-captioned Court is proper because Defendants committed the acts complained of herein in Los Angeles County and Defendants' place of business is located in the County of Los Angeles.

## **FACTUAL ALLEGATIONS**

15. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

///

///

16. Defendants is/are a home care provider for seniors operating in seven states of the United States, including California. Defendants provide/s non-medical caregiving and care management after a clinical assessment has determined that an applicant need not be moved to a nursing facility and may continue living in his or her own home.

17. Plaintiff was hired by Defendants on or around August 14, 2000 as a non-exempt staffing employee.

18. In or around August 2019, Plaintiff resigned her employment. Within 72 hours of her resignation, Defendants willfully failed to pay her all wages earned and owing as set forth herein.

19. During the entirety of Plaintiff's employment with Defendants, Plaintiff and all other staffing employees were/are required to engage in on-call work.

20. First, when they were/are required to engage in on-call work during a workday that did/does not exceed 8 hours of work, they were/are paid a flat rate, ranging between $25.00 and $125.00 regardless of the number of hours worked. At times, this resulted/results in Defendants paying Plaintiff and all other staffing employees a wage less than California's prevailing minimum wage. It further resulted/results in Defendants failing to pay Plaintiff and all other staffing employees lawful overtime premiums.

21. Second, when they were/are required to engage in on-call work during a workday that resulted/results in them working more than 8 hours in a single work-day, they were/are only paid for portions of their on-call work, resulting in Defendants failing to pay them proper overtime wages. Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

///

///

22. Moreover, Plaintiff and all other staffing employees were/are paid an incentive bonuses.  The more caregiver jobs that are staffed/staff, the more money Defendants made/makes, and based thereon, Defendants provided/provides them bonuses during most bi-weekly pay periods.

23. However, Defendants failed/fails to include these bonuses when renumerating Plaintiff's, and all Aggrieved Employees' regular rate during the particular workweek within which the incentive bonuses were/are paid.  This resulted/results in Defendants failing to pay Plaintiff and all Aggrieved Employees their lawful overtime rates.  And when Defendants failed/fails to pay them their proper overtime wages, it also failed/fails to provide them compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation was/is required by law.

24. Additionally, Defendants simply failed/fails to pay Plaintiff and all other staffing employees all bonuses earned.  Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

25. Also, Defendants failed/fails to make uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff and all other staffing employees.  Similarly, Defendants failed/fails to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff and all other staffing employees worked/work.

26. Specifically, Defendants never made/makes Plaintiff and all other staffing employees aware they were/are able to take meal and rest periods because Defendants' staffing offices were/are too busy to allow for meal and rest periods.  Any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties.  And the amount of hands-on, at the ready work required made/makes rest periods an impossibility.

///

COMPLAINT FOR DAMAGES

27. And when Plaintiff and all other staffing employees were/are not provided their meal and/or rest periods, Defendants failed/fails to pay him an additional hour at their regular rate of pay. Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

28. Moreover, in early 2019, Defendants misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do not involve the management of Defendants' enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession.

29. Because Defendants misclassified Plaintiff and all other staffing employees, Defendants willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation.  Of course, Defendants also continued/continues failing to provide them all required meal and rest breaks.  Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

30. Additionally, Plaintiff and all other staffing employees incurred/incur expenses discharging their duties for Defendants, including but not limited to use of their cellular phone and internet service while on-call.

31. Moreover, Plaintiff and all other staffing employees incurred/incur expenses purchasing supplies, including cleaning supplies for Defendants' office, as well as, foods for management devised office gatherings.

///

COMPLAINT FOR DAMAGES

32. To date, Plaintiff and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendants. Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

33. Based on Plaintiff's 19 years of experience and knowledge of being employed with Defendants, she is informed and believes and thereon alleges, Defendants also consistently violated/violates the *California Labor Code* as it pertains to its caregivers.

34. First, Defendants have certain clients it/they call "Original Center Clients" (hereinafter "OCC"). When Defendants provided/provides service for these-so-called OCC, Defendants is/are not paid as much as it/they is/are when it/they provides service to other clients. Thus, Defendants simply refuses to pay the caregivers assigned to OCC time and one half their regular rate regardless of the number of hours spent providing care for the OCC. Thus, when a caregiver works more than 9 hours in a given day, or eclipses 45 hours in week providing care to an OCC, Defendants fails to pay them their lawful overtime compensation.

35. Second, Defendants refused to pay caregivers all their overtime wages for shifts lasting more than 9 hours that start before midnight and end after midnight.

36. Third, Defendants required/requires all caregivers to use a smart phone based-app to keep track of their hours. Many of the caregivers are unable and/or unfamiliar with smart phone apps, making the inputting of work hours tedious or impossible. When caregivers fail to input the work hours, or proper work hours, Defendants simply refuse to pay them for those hours.

37. Moreover, using/attempting to use the app adds worktime to certain caregivers' shifts that go unpaid.

///

///

38. Fourth, Defendants on occasion simply refuse to pay caregivers for all hours worked.

39. Fifth, when caregivers travel from one client's home to the next client's home, Defendants fail to pay them for their travel time, and refuse to conjoin the shifts for overtime purposes, *i.e.*, Defendants refuse to pay time and one half the caregivers' regular rate of pay when both/all shits result in work over 9 hours in that particular workday.

40. Sixth, caregivers incur expenses discharging their duties for Defendants, including but not limited to having to purchase smart phones in order to use the required timekeeping app, using their cellular phone service, and using their private automobiles to travel between Defendants' clients' homes.

41. Additionally, certain of Defendants' clients receive monthly allowance that are disbursed by Defendants.  When those funds are not ready for disbursement, Defendants require the caregivers to come out of pocket to cover Defendants' clients' needs.  When caregivers do come out pocket, Defendants on occasion fail to reimburse them for those costs.  To date, Plaintiff and all Aggrieved Employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendants.

42. Finally, Defendants purport it/they overpaid certain caregivers.  Based thereon, Defendants require those caregivers to involuntarily execute repayment plans that allows Defendants to collect wages paid to the caregivers.  The repayment plans were involuntary because Defendants threatened the caregivers that if they did not sign the repayment plan, Defendants would no longer place them with clients, *i.e.*, Defendants would terminate the caregivers. Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

///

///

COMPLAINT FOR DAMAGES

43. Also, during most pay periods, all caregivers are paid two or more different regular wage rates. However, Defendants incorrectly applied/apply the rates when renumerating all caregivers' regular rate during the particular workweek within which they earned two or more regular rates and overtime. This resulted/results in Defendants failing to pay Atoyans and all caregivers their lawful overtime rates. And when Defendants failed/fails to pay them their proper overtime wages, it also failed/fails to provide them compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation was/is required by law.

44. Defendants also issued/issues inaccurate wage statements to all Aggrieved Employees. Specifically, the wage statements failed/fail to include Plaintiff's and all Aggrieved Employees' proper overtime rate, their proper overtime hours, their proper regular rate hours, all hours they worked, the number of on-call hours they worked, their on-call rate(s) of pay and the legal entity that is employing Plaintiff and all Aggrieved Employees, as well as, that employer's address. Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

45. Because of the herein-described violations of California's minimum wage and overtime laws, Plaintiff and all Aggrieved Employees were/are not paid all wages they earned/earn twice during a calendar month. Also because of the herein-described violations, Defendants failed/fails to keep track of all hours worked by all Aggrieved Employees. Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

46. Within 72 hours after Plaintiff resigned her employment, Defendants willfully failed to pay Plaintiff all the herein-described wages owed to her.

///

COMPLAINT FOR DAMAGES

47. Plaintiff is informed and believes and thereon alleges that any and all Aggrieved Employees that resigned or were terminated were also not paid all wages they earned and were owed at the place of discharge, or within 72 hours of resignation.  Plaintiff is informed and believes and thereon alleges that Defendants' just-described unlawful practices continue to present day.

48. Plaintiff is informed and believes and thereon alleges that any and all Aggrieved Employees, were also subjected to all of Defendants' *California Labor Code* violations set forth herein. Plaintiff and all office employees were paid bi-weekly, thus, had bi-weekly pay periods and the herein-described violations took/take place during each and every pay period worked by Plaintiff and all Aggrieved Employees from one year before Plaintiff's Private Attorneys General Act notice to present, and ongoing.  Plaintiff is informed and believes and thereon alleges that all Defendants' caregivers are/were paid weekly, thus, had weekly pay periods and the herein-described violations took place during each and every pay period worked by all caregivers from one year before Plaintiff's Private Attorneys General Act notice to present, and ongoing.

49. Plaintiff as an individual, and on behalf of herself and on behalf of the State of California and any and all Aggrieved Employees seeks the herein-cited 2698, *et seq*. penalties and any and all other civil penalties available to Plaintiff, all Aggrieved Employees and the State of California as a result of Defendants' various violations of the *California Labor Code* and IWC Wage Order set forth herein and as may be uncovered by way of discovery in this matter.

///

///

///

///

///

COMPLAINT FOR DAMAGES

50. Plaintiff is informed and believes and there on alleges that Defendants, and each them (1) knew minimum wages were due Plaintiff and all Aggrieved Employees, but failed to pay them those wages; (2) knew overtime wages were due Plaintiff and all Aggrieved Employees, but failed to pay them those wages; (3) denied Plaintiff and all Aggrieved Employees their statutorily required rest periods, and failed to pay them the one hour of wage at their regular rate of pay for each rest periods it denied them; (4) denied Plaintiff and all Aggrieved Employees their statutorily required meal periods, and failed to pay them the one hour of wage at their regular rate of pay for each meal periods it denied them; (5) failed to reimburse Plaintiff and all Aggrieved Employees the costs they incurred carrying out their duties for Defendants; (6) failed to pay Plaintiff and all Aggrieved Employees all wages earned twice during each month because Defendants failed to pay them all minimum and overtime wages; (7) failed to keep and provide Plaintiff and all Aggrieved Employees with accurate wage statements; (8) failed to pay Plaintiff and all Aggrieved Employees all wages owing at the time and place their employment ended; (9) engaged in unfair and unlawful business practices, thus, gaining wrongful profits; and (10) owe civil penalties pursuant to the *California Labor Code*, including but not limited to, *Cal. Labor Code* section 2698, *et seq*. for all violations set forth herein.

## **EXHAUSTION OF PROCEDURAL REQUIREMENTS**

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

52. On or around November 5, 2019, Plaintiff sent written notice by certified mail to Defendants notifying it/them of the specific violations set forth herein and the facts and theories supporting those violations. A true and correct copy of the November 5, 2019 PAGA notice is attached hereto as Exhibit 1 and is incorporated herein.

53. On or around November 5, 2019, Plaintiff sent the same written notice electronically to the Labor and Workforce Development Agency ("LWDA").

54. On or around November 15, 2019, Plaintiff sent a supplemental/amended written notice by certified mail to Defendants notifying it/them of the specific violations set forth herein and the facts and theories supporting those violations.  A true and correct copy of the November 15, 2019 PAGA supplemental/amended notice is attached hereto as Exhibit 2 and is incorporated herein.

55. On or around November 15, 2019, Plaintiff sent the same supplemental/amended written notice electronically to the LWDA.

56. The LWDA provided no notice of investigation to Plaintiff within the statutorily required period of time following her November 5, 2019 or November 15, 2019 electronic uploads.  As of the date of this complaint, the LWDA has provided no notice of investigation to Plaintiff.

57. Thus, Plaintiff can commence this civil action pursuant to *California Labor Code* section 2698, *et seq*.


### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wage in Violation of *Cal. Labor Code* § 1194**

**(Against All Defendants)**

58. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59. At all times relevant herein, C*alifornia Labor Code* sections 1194 and 1182.12, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendant.

///

///

///

///

COMPLAINT FOR DAMAGES

60.  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *Cal. Labor Code* § 1194(a).

61.  "For any employer who employs 25 or fewer employees, the minimum wage shall be as follows: (A) From January 1, 2018, to December 31, 2018, inclusive,—ten dollars and fifty cents ($10.50) per hour.  (B) From January 1, 2019, to December 31, 2019, inclusive,—eleven dollars ($11) per hour." *Cal. Labor Code* § 1182.12.

62.  As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 1194 and 1182.12.

63.  And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 1194.

64.  "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."  *Cal. Lab. Code* § 558.1(a).

65.  As a proximate result of Defendants' failure to pay Plaintiff the minimum wage, pursuant to the provisions of *California Labor Code* § 1194(a) and IWC Wage Orders, Plaintiff has suffered and will continue to suffer economic damages in an amount to be proven at trial.

66.  As a proximate result of Defendants' failure to pay Plaintiff minimum wage, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and will continue to incur attorney's fees and costs in connection therewith.

67. Plaintiff prays that the Court award Plaintiff the unpaid balance of the full amount of Plaintiff's unpaid minimum wage compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

### Liquidated Damages Pursuant to *Cal. Labor Code* § 1194.2

### (Against All Defendants)

68. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

69. At all times relevant herein, C*alifornia Labor Code* section 1194.2 is and was in full force and effect and were binding on Defendants.

70. Under *California Labor Code* Section 1194.2(a):  "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

71. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 1194.

72. As a proximate result of Defendants' failure to pay Plaintiff the minimum wage, pursuant to the provisions of *California Labor Code* § 1194(a), Plaintiff is entitled to recover liquidated damages from Defendant in an amount equal to the wages unlawfully unpaid and interest thereon.

73. Plaintiff prays that the Court award Plaintiff all liquidated damages from Defendant in an amount equal to the minimum wages unlawfully unpaid and interest thereon.

///

///

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of *Cal. Labor Code* §§ 510 & 204.3**

**(Against All Defendants)**

74. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

75. At all times relevant herein, C*alifornia Labor Code* sections 510 and 204.3, as well as, IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

76. Under *California Labor Code* § 510(a), "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

77. Section 3 of the IWC Wage Order No. 5-2001 states in part:  ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (71h) consecutive day of work in a workweek. (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary."

78. "An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate." *California Labor Code* Section 204.3.

79. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* sections 510 and 204.3.

80. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* sections 510 and 204.3.

81. As a proximate result of Defendants' failure to pay Plaintiff his proper overtime wages, pursuant to the provisions of *California Labor Code* § 510, Plaintiff is entitled to recover from Defendant an amount equal to the wages unlawfully unpaid and interest thereon.

82. "[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *California Labor Code* § 1194.

83. As a proximate result of Defendants failure to pay Plaintiff's overtime wages, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and have incurred and will continue to incur attorney's fees and costs in connection therewith.

84. Plaintiff prays that the Court award Plaintiff the unpaid balance of the full amount of Plaintiff's overtime wage compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

///

## **FOURTH CAUSE OF ACTION**

### **Failure to Make Meal Periods Available in Violation of *Cal. Labor Code* § 512**

### **(Against All Defendants)**

85. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

86. At all times relevant herein, C*alifornia Labor Code* sections 512, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

87. Under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

88. Also under *California Labor Code* Section 512(a): "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

89. Section 11 of the IWC Wage Order No. 5-2001 states in part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee."

90. Additionally, Section 11 of the IWC Wage Order No. 5-2001 states in part: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

*///*

91. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 512.

92. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 512.

93. Plaintiff prays that the Court award Plaintiff the unpaid balance of the full amount of Plaintiff's meal period wages, including interest thereon.

## FIFTH CAUSE OF ACTION

### Failure to Make Rest Periods Available in Violation of *Cal. Labor Code* § 226.7
### (Against All Defendants)

94. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

95. At all times relevant herein, C*alifornia Labor Code* sections 226.7, as well as, all IWC Wage Orders, are and were in full force and effect and were binding on Defendants.

96. Employees are entitled to a net rest period of at least ten (10) minutes per each consecutive four (4) hour work period or major fraction thereof, after the first three and one-half (3½) hours worked in a workday. *Cal. Lab. Code* § 226.7.

97. *California Labor Code* § 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each consecutive four (4) hour shift worked.

98. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 226.7.

99. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 226.7.

100. Plaintiff prays that the Court award Plaintiff the unpaid balance of the full amount of Plaintiff's rest period wages, including interest thereon.

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

**Failure to Reimburse Plaintiff for Expenses in Violation of *Cal. Labor Code* § 2802**

**(Against All Defendants)**

101. Plaintiff re-alleges and incorporates by reference each of the above paragraphs as alleged herein.

102. At all times mentioned herein *California Labor Code* section 2802 was in full force and effect and was binding on Defendants.

103. *California Labor Code* section 2802(a) states: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

104. "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." *Id*. at 2802(b).

105. "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." *Id*. at 2802(c).

106. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 2802.

107. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 2802.

///

///

108. As a proximate result of Defendants' failure to indemnify Plaintiff, pursuant to the provisions of *California Labor Code* section 2802, Plaintiff suffered losses in earnings, and other employment benefits along with other incidental and consequential damages and losses, all in an amount to be proven at trial.

109. As a proximate result of Defendants' to indemnify Plaintiff, pursuant to the provisions of *California Labor Code* § 2802, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and will continue to incur attorney's fees and costs in connection therewith.

110. Plaintiff prays that the Court award Plaintiff reimbursement of all necessary expenditures and/or losses, including costs incurred discharging Plaintiff's duties for Defendants with interest thereon, reasonable attorneys' fees and other costs incurred enforcing Plaintiff's rights granted by *California Labor Code* section 2802.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements in Violation *Cal. Labor Code* § 226
### (Against All Defendants)

111. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

112. At all times relevant herein, C*alifornia Labor Code* § 226 is and was in full force and effect and were binding on Defendants.

113. Defendants, and each of them, were obligated under *Labor Code* § 226 and the applicable IWC Wage Order, to keep an accurate record of the hours of labor worked by Aggrieved Employees and to prepare and submit to Aggrieved Employees with each payment of wages an itemized statement accurately showing nine specific categories of information.

///

///

COMPLAINT FOR DAMAGES

114. Pursuant to *Labor Code* § 226(e)(1), Plaintiff is entitled to recover the greater of all actual damages or a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00, as well as, an award of costs and reasonable attorney's fees.

115. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 226.

116. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 226.

117. Plaintiff prays that the Court award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 226, as well as, an award of costs and reasonable attorney's fees.


## <u>EIGHTH CAUSE OF ACTION</u>

### Statutory Penalties Pursuant to *Cal. Labor Code* §§ 204 and 210

### (Against All Defendants)

118. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

119. At all times relevant herein, C*alifornia Labor Code* §§ 204 and 210 are and were in full force and effect and were binding on Defendants.

120. "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." *California Labor Code* Section 204.

///

///

///

COMPLAINT FOR DAMAGES

121. "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.  (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.  (b) The penalty shall either be recovered by the employee as a statutory penalty pursuant to Section 98 . . . ." *California Labor Code* Section 210.

122. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 204 and is thus entitled to the statutory penalties set forth in Section 210.

123. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees were also victim of Defendants' violations of *California Labor Code* section 204.

124. Plaintiff prays that the Court award Plaintiff all penalties plus 25 percent of the amount unlawfully withheld by Defendants pursuant to *California Labor Code* section 210.

### NINTH CAUSE OF ACTION

**Waiting Time Penalties in Violation of *Cal. Labor Code* § 203**

**(Against All Defendants)**

125. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

126. At all times relevant herein, C*alifornia Labor Code* section 203 is and was in full force and effect and were binding on Defendants.

///

///

///

///

127. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Cal. Lab. Code* § 203(a).

128. "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." *Id*. at (b).

129. "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." *California Labor Code* § 218.5.

130. As set forth herein, Plaintiff was victim of Defendants' violations of *California Labor Code* section 203 and 208.

131. And Plaintiff is informed and believes and thereon alleges that all Aggrieved Employees who were terminated or resigned were also victim of Defendants' violations of *California Labor Code* section 203 and 208.

132. Plaintiff prays that the Court award Plaintiff all penalties from Defendants pursuant to *California Labor Code* section 203, as well as, attorney's fees and costs.

## TENTH CAUSE OF ACTION

### Violations of *Cal. Bus. & Prof. Code* § 17200

### (Against All Non-Individual Defendant)

133. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

134. At all times relevant herein, C*alifornia Business and Professions Code* § 17200 *et seq*. is and was in full force and effect and was binding on Defendants.

135. The Unfair Competition Law ("UCL"), which is codified under *California Business and Professions Code* § 17200 *et seq.* prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent *or* deceptive business act *or* practice as well as "unfair, deceptive, untrue or misleading advertising."

136. By virtue of the direct injuries that Plaintiff sustained from Defendants' wrongful conduct, Plaintiff has standing to sue in order to obtain the remedies that are available to Plaintiff under the UCL.

137. The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts for practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. *Bus. & Prof. Code* § 17203.

138. An action may be brought under the UCL by any person, corporation or association, or by any person action for the interests of itself, its members, or the general public. *Bus. & Prof. Code* § 17204.

139. A Plaintiff may bring § 17200 claim even when the underlying statutory violation does not provide the Plaintiff with a private right of action. *See Manser v. Serra Foothills Public Utility Dist.* (E.D. Cal. 2008) 2008 WL 5114619, at * 7; *Kasky v. Nike, Inc.* (2002) 27 Cal. App. 4th 832, 839.

**Unfair Conduct**

140. As set forth herein, Defendants engaged in a pattern of unfair and unlawful business practices with respect to Plaintiff's employment at Defendant and Limited in violation of *Bus. & Prof. Code* § 17200.

141. Defendants violated the "unfair prong" of *Cal. Bus. & Prof. Code* § 17200 by engaging in the following, wrongful, improper, and unfair conduct:

a. Defendant unfairly failed to pay Plaintiff minimum wages due;

b. Defendant unfairly failed to pay Plaintiff overtime wages due;

c. Defendant unfairly denied Plaintiff meal periods, and failed to pay Plaintiff the additional hour at his regular rate for denying the meal periods;

d. Defendant unfairly denied Plaintiff rest periods, and failed to pay Plaintiff the additional hour at his regular rate for denying the rest periods; and

e. Defendant unfairly failed to indemnify Plaintiff for the expenses incurred in discharging Plaintiff's duties for Defendant.

142. Defendants' conduct also violated the "unfair" prong of the UCL because the utility of Defendants' actions and/or omissions was significantly outweighed by the gravity of the harm that it imposed on employees.

143. Further, the public is led to believe that Defendant provides a fair, safe, and legally sufficient work environment for their employees and complies with California laws governing Labor and Employment issues, despite the fact that both of these impressions are untrue.  Defendants' pattern of wrongful, improper, and unlawful business practices is injurious to Defendants' employees and consumers alike.

**Unlawful Conduct**

144. "Unlawful" conduct under *Bus. & Prof. Code* § 17200 is any practices forbidden by law, whether civil or criminal, federal or state, or municipal, statutory, regulatory, or court made. *See Farmers Ins. Exchange v. Super. Ct.,* 2 Cal.4th 377, 383 (1992).

145. By proscribing 'any unlawful' business practice, § 17200 'borrows' violations of other laws and treats them as unlawful practices that the UCL makes independently actionable.  *See Blanks v. Shaw,* 171 Cal. App. 4th 336, 363-64 (2009); *Schnall v. Hertz Corp.,* 78 Cal. App. 4th 1144, 1153 (2000).

146. Defendants violated the "unlawful" prong of *Cal. Bus. & Prof. Code* § 17200 as follows:

a.  Violations of *Cal. Labor Code* § 1194;

b.  Violations of *Cal. Labor Code* § 510;

c.  Violations of *Cal. Labor Code* § 512;

d.  Violations of *Cal. Labor Code* § 226.7; and

e.  Violations of *Cal. Labor Code* § 2802.

147. The violation of these laws serves as unlawful predicate acts which have resulted in injury in fact and loss of money and property to Plaintiff for purposes of *Business and Professions Code* §§17200 *et seq.*

148. Plaintiff is entitled to restitutionary damages which constitutes or results from all unpaid wages, the additional hour of pay at Plaintiff's regular rate for Defendants' failure to provide meal and rest periods as well as, costs and/or expenses incurred in discharging Plaintiff's duties for Defendant.

## ELEVENTH CAUSE OF ACTION
### Violations of *Cal. Lab. Code* § 2698, *et seq.*
### (Against All Defendants)

149. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

150. At all times relevant herein, *California Labor Code* § 2699, *et seq.* is and was in full force and effect and were binding on Defendants.

151. "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." *Cal. Lab. Code* § 2699(a).

COMPLAINT FOR DAMAGES

152. "Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." *Lab. Code* § 2699(g).

153. "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs, including any filing fee paid . . . ." *Lab. Code* § 2699(g).

154. "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." *Cal. Civ. Proc. Code* § 1021.5.

155. Pursuant to the provisions of *California Labor Code* § 2699(f)(1)-(2), Plaintiff is entitled to penalties in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

156. On or around November 5, 2019, Plaintiff sent written notice by certified mail to Defendants notifying it/them of the specific violations set forth herein and the facts and theories supporting those violations.  (*See* Exhibit 1.)

157. On or around November 5, 2019, Plaintiff sent the same written notice electronically to the LWDA.

158. On or around November 15, 2019, Plaintiff sent a supplemental/amended written notice by certified mail to Defendants notifying it/them of the specific violations set forth herein and the facts and theories supporting those violations.  (*See* Exhibit 2.)

159. On or around November 15, 2019, Plaintiff sent the same supplemental/amended written notice electronically to the LWDA.

160. The LWDA provided no notice of investigation to Plaintiff within the statutorily required period of time following her November 5, 2019 or November 15, 2019 electronic uploads. As of the date of this complaint, the LWDA has provided no notice of investigation to Plaintiff.

161. Thus, Plaintiff can commence this civil action pursuant to *California Labor Code* section 2698, *et seq.*

162. At all times relevant herein, C*alifornia Labor Code* section 1454 is and was in full force and effect and was binding on Defendants.

163. Under *California Labor Code* Section 1454: "A domestic work employee who is a personal attendant shall not be employed more than nine hours in any workday or more than 45 hours in any workweek unless the employee receives one and one-half times the employee's regular rate of pay for all hours worked over nine hours in any workday and for all hours worked more than 45 hours in the workweek."

164. As set forth herein, Defendants failed to pay all caregivers their proper overtime wages.

165. At all times relevant herein, C*alifornia Labor Code* sections 221 and 225.5 are and were in full force and effect and were binding on Defendants.

166. Under *California Labor Code* Section 221: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Section 221 specifies that it is unlawful for an employer to collect or receive any part of wages already paid to an employee. The law, though, does allow for an employee to volunteer repayment of overpaid wages. The employee must agree to this via a written authorization.

///

167. Under *California Labor Code* Section 225.5: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

168. As set forth herein, Defendants unlawfully withheld wages due Aggrieved Employees based on involuntary repayment plans/agreements.

169. Defendants, as detailed herein, committed the following violations of the *California Labor Code* against Plaintiff, and, on information and belief, against all Aggrieved Employees: Defendants violated *Cal. Labor Code* §§ 1194; 1194.2; 510; 1454; 204.3; 512; 226.7; 2802; 221; 225.5; 226; 201; 202; 203; and 208.

170. Defendant, based on the just-listed *California Labor Code* violations, also violated the following *California Labor Codes* sections: 1197; 1182.12; 1198; 1199; 204; 1174; and 558.1.

171. Based on all preceding *California Labor Code* Violations, Plaintiff, all Aggrieved Employees and the State of California seek civil penalties pursuant to, including but not limited to, the following *California Labor Code* Sections: 1197.1; 558; 210; 226.3; 1174.5; and 2699(f)(1)-(2).

172. Plaintiff prays that the Court award all civil penalties for Plaintiff, all Aggrieved Employees and the State of California, as well as, reasonable attorneys' fees and costs incurred in this action, and any filing fee paid in this action.

///

///

COMPLAINT FOR DAMAGES

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff DIANE KHACHATURIAN prays for judgment for Plaintiff DIANE KHACHATURIAN against LIVHOME, INC., and Defendant DOES 1 through 10, as follows:

1.  All actual, consequential and incidental financial losses, unpaid wages, and restitution, together with prejudgment interest, according to proof, but in an amount greater than $75,000.00;

2.  Additional compensatory and/or general damages according to proof;

3.  All statutory penalties and relief allowed under the *California Labor Code* according to proof;

4.  Reasonable attorney's fees, costs, and filing fees paid according to proof;

5.  Post-judgment interest according to any applicable provision of law, according to proof;

6.  Costs and fees incurred as a result of the above-captioned action; and

7.  Any additional, further relief as the Court deems proper.

WHEREFORE, Plaintiff DIANE KHACHATURIAN prays for judgment for Plaintiff DIANE KHACHATURIAN as an aggrieved employee, and on behalf of all Aggrieved Employees and the State of California against Defendant LIVHOME, INC., and Defendant DOES 1 through 10, as follows:

1.  All civil penalties and relief allowed under the *California Labor Code* according to proof;

2.  Reasonable attorney's fees, costs, and filing fees paid according to proof;

3.  Post-judgment interest according to any applicable provision of law, and according to proof;

4.  Costs and fees incurred as a result of the above-captioned action; and

///
///
///

COMPLAINT FOR DAMAGES

5. Any additional, further relief as the Court deems proper.

Dated: February 18, 2020                                    **JAIN LAW OFFICES, P.C.**

                                                                    /s/KunalJain
                                                    BY:_____
                                                                    Kunal Jain
                                                          Attorneys for Plaintiff,
                                                          DIANE KHACHATURIAN

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: February 18, 2020                                    **JAIN LAW OFFICES, P.C.**

                                                                    /s/KunalJain
                                                    BY:_____
                                                                    Kunal Jain
                                                          Attorneys for Plaintiff,
                                                          DIANE KHACHATURIAN

COMPLAINT FOR DAMAGES

EXHIBIT 1

# J.B. Twomey Law

7056 Archibald Street, Suite 102-452 • Corona, California 92880

Email:  jb@jbtwomeylaw.com

Phone: 310.980.6357

Facsimile: 818.937.6897

November 5, 2019

**SENT VIA FIRST CLASS CERTIFIED MAIL TO:**
LivHOME, Inc.
Attn: Robert Higgins, Esq.
4640 Admiralty Way, 5th Floor
Marina Del Rey, California 90292

>    Re:    ***California Labor Code Private Attorneys General Act of 2004* Notice**
>    *Diane Khachaturian v. LivHome, Inc.*
>    LWDA Case No.:  Unassigned
>    Superior Court Case No.:  Unassigned

Dear Mr. Higgins:

This Notice is made and served pursuant to the *California Labor Code Private Attorneys General Act of 2004* (hereinafter referred to as "PAGA").  Diane Khachaturian (hereinafter referred to as "Plaintiff"), on behalf of herself, the State of California, and on behalf of any and all other current and former non-exempt employees of LivHOME, Inc.; and DOES 1 through 25 (hereinafter collectively referred to as "Defendant") is informed and believes and thereon alleges, Defendant has and is violating the following *California Labor Code* sections: 204; 210; 1197; 1182.12; 1194; 1194.2; 1197.1; 1199; 510; 1454; 204.3; 512; 226.7; 1198; 558; 2802; 221; 225.5; 226; 226.3; 1174; 1174.5; 201; 202; 203; 208; 558.1; and 247.5.

Plaintiff implores California's Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and Defendant alike to investigate every aspect of the herein detailed violations as they pertain to Plaintiff and any and all of Defendant's current and former non-exempt California employees, including all office employees and caregivers.  Hereinafter, any and all of Defendant's current and former non-exempt California office/staffing employees and caregivers working/based out of, including but not limited to, Defendant's Paso Robles, Walnut Creek, San Jose, Riverside, Palm Desert, Santa Barbara, Los Angeles and Orange County locations are collectively referred to as "Aggrieved Employees."  And Plaintiff, as well as, any and all Aggrieved Employees were, and are being subjected to, *inter alia*, Defendant's herein-described violations.

Plaintiff is informed and believes and based thereupon alleges that at all relevant times herein mentioned each Defendant and Does 1 through 25, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal

representative, general administrator, member, co-conspirator, co-employer, integrated enterprise and/or joint venturer  or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of its agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this notice.

## **FACTS AND THEORIES**

Plaintiff was hired by Defendant on or around August 14, 2000 as a non-exempt staffing employee.  On or around August 2019, Plaintiff resigned her employment.  Within 72 hours of her resignation, Defendant willfully failed to pay her all wages earned and owing as set forth herein.

Plaintiff and all other staffing employees were/are required to engage in on-call work.  First, when they were/are required to engage in on-call work during a workday that did/does not exceed 8 hours of work, they were/are paid a flat rate, ranging between $25.00 and $125.00 regardless of the number of hours worked.  At times, this resulted/results in Defendant paying Plaintiff and all other staffing employees a wage less than California's prevailing minimum wage.  It further resulted/results in Defendant failing to pay Plaintiff and all other staffing employees lawful overtime premiums.  Second, when they were/are required to engage in on-call work during a workday that resulted/results in them working more than 8 hours in a single work-day, they were/are only paid for portions of their on-call work, resulting in Defendant failing to pay them proper overtime wages.  Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Plaintiff and all other staffing employees were/are paid an incentive bonuses.  The more caregiver jobs they staffed/staff, the more money Defendant made/makes, and based thereon, Defendant provided/provides them bonuses during most bi-weekly pay periods.  However, Defendant failed/fails to include these bonuses when renumerating Plaintiff's and all other staffing employees' regular rate during the particular workweek within which the incentive bonuses were/are paid.  This resulted/results in Defendant failing to pay Plaintiff and all other staffing employees their lawful overtime rates.  And when Defendant failed/fails to pay Plaintiff and all other staffing employees their proper overtime wages, it also failed/fails to provide them compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation was/is required by law.  Additionally, Defendant simply failed/fails to pay Plaintiff and all other staffing employees all bonuses earned.  Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Defendant failed/fails to make uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff and all other staffing employees.  Similarly, Defendant failed/fails to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff and all other staffing employees worked/work. Specifically, Defendant never made/makes Plaintiff and all other staffing employees aware they were/are able to take meal and rest periods because Defendant's staffing offices are too busy to allow for meal and rest periods.  Any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties.  And the amount of hands-on, at the

2

ready work required made/makes rest periods an impossibility. And when Plaintiff and all other staffing employees was/are not provided their meal and/or rest periods, Defendant failed/fails to pay him an additional hour at their regular rate of pay. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

In early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Additionally, Plaintiff and all other staffing employees incurred/incur expenses discharging their duties for Defendant, including but not limited to use of their cellular phone and internet service while on-call. Moreover, Plaintiff and all other staffing employees incurred/incur expenses purchasing supplies, including cleaning supplies for Defendant's office, as well as, foods for management devised office gatherings. To date, Plaintiff and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Defendant also consistently violated/violates the *California Labor Code* as it pertains to its caregivers. First, Defendant has certain clients it calls "Original Center Clients" (hereinafter "OCC"). When Defendant provides service for these-so-called OCC, it is not paid as much as it is when it provides service to other clients. Thus, Defendant simply refuses to pay the caregivers it assigns to OCC time and one half their regular rate regardless of the number of hours spent providing care for the OCC. Thus, when a caregiver works more than 9 hours in a given day, or eclipses 45 hours in week provided care to an OCC, Defendant fails to pay them their lawful overtime compensation. Second, Defendant refused to pay caregivers time and one half their regular rate for shifts lasting more than 9 hours that start before midnight on Fridays and end after midnight on Fridays. Third, Defendant required/requires all caregivers to use a smart phone based-app to keep track of their hours. Many of the caregivers are unable and/or unfamiliar with smart phone apps, making the inputting of work hours tedious or impossible. When caregivers fail to input the work hours, or proper work hours, Defendant simply refuses to pay them for those hours. Moreover, using/attempting to use the app adds worktime to certain caregivers' shifts that go unpaid. Fourth, Defendant on occasion simply refuses to pay caregivers for all hours worked. Fifth, when a caregivers travel from one client's home to the next client's home, Defendant fails to pay them for their travel time, and refuses to conjoin the shifts for overtime purposes, *i.e.*, Defendant refuses to pay time and one half the caregivers' regular rate of pay when both/all shits result in work over 9 hours in that particular workday. Sixth, caregivers incur expenses discharging their duties Defendant, including but not limited to having to purchase smart phones in order to use the required timekeeping app, using their cellular phone service, and using their private automobiles to travel between Defendant's clients' homes. Additionally, certain of

Defendant's clients receive monthly allowance that are disbursed by Defendant. When those funds are not ready for disbursement, Defendant requires the caregivers to come out of pocket to cover Defendant's clients' needs. When caregivers do come out pocket, Defendant on occasion fails to reimburse them for the costs. To date, Plaintiff and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant. Finally, Defendant purports it overpaid certain caregivers. Based thereon, Defendant requires those caregivers to involuntarily execute repayment plans that allows Defendant to collect wages paid to the caregivers. The repayment plans were involuntary because Defendant threatened the caregivers that if they did not sign the repayment plan, Defendant would no longer place them with clients, *i.e.*, Defendant would terminate the caregivers. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Defendant also issued/issues inaccurate wage statements to all Aggrieved Employees. Specifically, the wage statements failed/fail to include Plaintiff's and all Aggrieved Employees' proper overtime rate, their proper overtime hours, all hours they worked, the number of on-call hours they worked, their on-call rate(s) of pay and the legal entity that is employing Plaintiff and all Aggrieved Employees, as well as, that employer's address. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Because of the herein-described violations of California's minimum wage and overtime laws, Plaintiff and all Aggrieved Employees were/are not paid all wages they earned/earn twice during a calendar month. Also because of the herein-described violations, Defendant failed/fails to keep track of all hours worked by all Aggrieved Employees. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Within 72 hours after Plaintiff resigned her employment, Defendant willfully failed to pay Plaintiff all the herein-described wages owed to her. Plaintiff is informed and believes and thereon alleges that any and all Aggrieved Employees that resigned or were terminated were also not paid all wages they earned and were owed at the place of discharge, or within 72 hours of resignation. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

On or around October 18, 2019, Plaintiff sent Defendant a written request for Defendant to produce, or give Plaintiff access to, Plaintiff's 247.5 records. As of the date of this notice, Defendant has failed to provide Plaintiff with, or access to, all of Plaintiff's 247.5. Plaintiff is further informed and believes and thereon alleges that Defendant also failed to provide records to other employees whom requested them pursuant to *California Labor Code* section 247.5.

Plaintiff is informed and believes and thereon alleges that any and all Aggrieved Employees, were also subjected to all of Defendant's *California Labor Code* violations set forth herein. Plaintiff and all Aggrieved Employees were paid bi-weekly, thus, had bi-weekly pay periods and the herein-described violations took place during each and every pay period worked by Plaintiff and all Aggrieved Employees during the year last past up to the present.

Plaintiff on behalf of Plaintiff and on behalf of the State of California and any and all Aggrieved Employees seeks the herein-cited 2699, *et seq*. penalties and any and all other civil penalties available to Plaintiff, Aggrieved Employees and the State of California as a result of Defendant's various violations of the *California Labor Code* and IWC Wage Order set forth herein.

### DEFENDANT'S VIOLATIONS

**I.      Defendant's Violations of *California Labor Code* Sections 204 and 210.**

a.    *California Labor Code* Sections 204 and 210.

"All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." *California Labor Code* Section 204.

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

*California Labor Code* § 210.

b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 204 and 210.

As set forth herein, in violation of Section 204, Defendant failed to pay all wages earned by Plaintiff pursuant to *California Labor Code* sections 1197, 1182.12, 1194, 510 and 1454 twice during each calendar month. Plaintiff is informed and believes and thereon alleges that Defendant also failed to pay any and all Aggrieved Employees all wages earned twice during each calendar month. And, thus, Defendant owes civil penalties pursuant to Section 210. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 204 and provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 210.

**II.     Defendant's Violations of *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199.**

a.    *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199.

Under *California Labor Code* Section 1197:

> The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

*Cal. Labor Code* § 1197.

Under *California Labor Code* Section 1182.12:

> Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

*Cal. Labor Code* **§** 1182.12.

Under *California Labor Code* Section 1194(a):

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

*Cal. Labor Code* **§** 1194(a).

Under *California Labor Code* Section 1194.2(a):

> In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

*Cal. Labor Code* **§** 1194.2(a).

Under *California Labor Code* Section 1197.1(a):

> Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 . . . .

*Cal. Labor Code* **§** 1197.1(a).

Under *California Labor Code* Section 1199:

> Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is

punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

*Cal. Labor Code* § 1199.

> b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199.

Plaintiff and all other staffing employees were/are required to engage in on-call work. First, when they were/are required to engage in on-call work during a workday that did/does not exceed 8 hours of work, they were/are paid a flat rate, ranging between $25.00 and $125.00 regardless of the number of hours worked. At times, this resulted/results in Defendant paying Plaintiff and all other staffing employees a wage less than California's prevailing minimum wage. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. Defendant required/requires all caregivers to use a smart phone based-app to keep track of their hours. Many of the caregivers are unable and/or unfamiliar with smart phone apps, making the inputting of work hours tedious or impossible. When caregivers fail to input the work hours, or proper work hours, Defendant simply refuses to pay them for those hours. Moreover, using/attempting to use the app adds worktime to certain caregivers' shifts that go unpaid. Also, Defendant on occasion simply refuses to pay caregivers for all hours worked. And when a caregivers travel from one client's home to the next client's home, Defendant fails to pay them for their travel time, and refuses to conjoin the shifts for overtime purposes, *i.e.*, Defendant refuses to pay time and one half the caregivers' regular rate of pay when both/all shits result in work over 9 hours in that particular workday. Plaintiff is informed and believes and thereon alleges that as just-described any and all Aggrieved Employees also were not paid California's prevailing minimum wage. To date, Defendant, in violation of *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199 has not paid Plaintiff the prevailing minimum wage for all hours she worked, the liquidated damages pursuant to Section 1194.2, or civil penalties owing. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Sections 1197, 1194, 1194.2, 1197.1 and 1199, has failed to all Aggrieved Employees the prevailing minimum wage for all hours they worked, the liquidated damages pursuant to Section 1194.2, or civil penalties owing. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Sections 1197, 1194, 1197.1 and 1199, and provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1182.12 and 1194.2.

## III.    Defendant's Violations of *California Labor Code* Sections 510, 1454 and 204.3.

> a. *California Labor Code* Sections 510, 1454 and 204.3.

Under *California Labor Code* Section 510(a):

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

Under *California Labor Code* Section 1454: "A domestic work employee who is a personal attendant shall not be employed more than nine hours in any workday or more than 45 hours in any workweek unless the employee receives one and one-half times the employee's regular rate of pay for all hours worked over nine hours in any workday and for all hours worked more than 45 hours in the workweek."

> An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate."

*California Labor Code* Section 204.3.

b. Facts and Theories Supporting Defendant's Violations of *California Labor Code* Sections 510, 1454 and 204.3.

Plaintiff and all other staffing employees were/are required to engage in on-call work.  First, when they were/are required to engage in on-call work during a workday that did/does not exceed 8 hours of work, they were/are paid a flat rate, ranging between $25.00 and $125.00 regardless of the number of hours worked.  At times, this resulted/results in Defendant failing to pay Plaintiff and all other staffing employees lawful overtime premiums.  Second, when they were/are required to engage in on-call work during a workday that resulted/results in them working more than 8 hours in a single work-day, they were/are only paid for portions of their on-call work, resulting in Defendant failing to pay them proper overtime wages.  Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.  Also, Plaintiff and all other staffing employees were/are paid an incentive bonuses.  The more caregiver jobs they staffed/staff, the more money Defendant made/makes, and based thereon, Defendant provided/provides them bonuses during most bi-weekly pay periods.  However, Defendant failed/fails to include these bonuses when renumerating Plaintiff's and all other staffing employees' regular rate during the particular workweek within which the incentive bonuses were/are paid.  This resulted/results in Defendant failing to pay Plaintiff and all other staffing employees their lawful overtime rates.  And when Defendant failed/fails to pay Plaintiff and all other staffing employees their proper overtime wages, it also failed/fails to provide them compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation was/is required by law.  Additionally, Defendant simply failed/fails to pay Plaintiff and all other staffing employees all bonuses earned.  Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.  And in early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week.  Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies

or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. Defendant also consistently violated/violates the *California Labor Code* as it pertains to its caregivers. First, Defendant has certain clients it calls OCC. When Defendant provides service for these-so-called OCC, it is not paid as much as it is when it provides service to other clients. Thus, Defendant simply refuses to pay the caregivers it assigns to OCC time and one half their regular rate regardless of the number of hours spent providing care for the OCC. Thus, when a caregiver works more than 9 hours in a given day, or eclipses 45 hours in week provided care to an OCC, Defendant fails to pay them their lawful overtime compensation. Second, Defendant refused to pay caregivers time and one half their regular rate for shifts lasting more than 9 hours that start before midnight on Fridays and end after midnight on Fridays. Third, Defendant required/requires all caregivers to use a smart phone based-app to keep track of their hours. Many of the caregivers are unable and/or unfamiliar with smart phone apps, making the inputting of work hours tedious or impossible. When caregivers fail to input the work hours, or proper work hours, Defendant simply refuses to pay them for those hours. Moreover, using/attempting to use the app adds worktime to certain caregivers' shifts that go unpaid. Fourth, when a caregivers travel from one client's home to the next client's home, Defendant fails to pay them for their travel time, and refuses to conjoin the shifts for overtime purposes, *i.e.*, Defendant refuses to pay time and one half the caregivers' regular rate of pay when both/all shits result in work over 9 hours in that particular workday. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. To date, Defendant, in violation of *California Labor Code* Section 510, has not paid Plaintiff for all overtime hours she worked. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Section 510 and 204.3, has not paid any and all Aggrieved Employees for the overtime hours they worked, nor gave them time off as required by law. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 510, and subdivision (c) applies to 1454 and 204.3.

## IV.    Defendant's Violations of *California Labor Code* Section 512.

a.    *California Labor Code* Section 512.

Under *California Labor Code* Section 512(a):

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours,

the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Under *California Labor Code* Section 226.7(c):

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

      b.   <u>Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 512.</u>

Defendant failed/fails to make uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff and all other staffing employees. Similarly, Defendant failed/fails to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff and all other staffing employees worked/work. Specifically, Defendant never made/makes Plaintiff and all other staffing employees aware they were/are able to take meal and rest periods because Defendant's staffing offices are too busy to allow for meal and rest periods. Any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties. And the amount of hands-on, at the ready work required made/makes rest periods an impossibility. And when Plaintiff and all other staffing employees was/are not provided their meal and/or rest periods, Defendant failed/fails to pay him an additional hour at their regular rate of pay. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. In early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. To date, Defendant, in violation of *California Labor Code* sections 512 and 226.7(c), has not paid Plaintiff one additional hour of pay at her regular rate of compensation for each workday that her meal period was not provided. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* section 512 and 226.7(c), has not paid any and all Aggrieved Employees one additional hour of pay at their regular rate of compensation for each workday that their meal period was not provided. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 512.

## V.   **Defendant's Violations of *California Labor Code* Section 226.7.**

a.   *California Labor Code* Section 226.7.

Under *California Labor Code* Section 226.7(b):

An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

Pursuant to the *California Labor Code* and Wage Order 4-2001, employees are entitled to a rest period of not less than ten (10) minutes for each consecutive four (4) hour shift worked or major fraction thereof.

Under *California Labor Code* Section 226.7(c), "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

b.   Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 226.7.

Defendant failed/fails to make uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff and all other staffing employees. Similarly, Defendant failed/fails to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff and all other staffing employees worked/work. Specifically, Defendant never made/makes Plaintiff and all other staffing employees aware they were/are able to take meal and rest periods because Defendant's staffing offices are too busy to allow for meal and rest periods. Any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties. And the amount of hands-on, at the ready work required made/makes rest periods an impossibility. And when Plaintiff and all other staffing employees was/are not provided their meal and/or rest periods, Defendant failed/fails to pay him an additional hour at their regular rate of pay. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. In early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to

present day.  To date, Defendant, in violation of *California Labor Code* Section 226.7(c), has not paid Plaintiff one additional hour of pay at her regular rate of compensation for each workday that both or either of her meal or rest periods were not provided.  Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Section 226.7(c), has not paid any and all Aggrieved Employees one additional hour of pay at their regular rate of compensation for each workday that both or either of their meal or rest periods were not provided.  The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 226.7.

## VI.    Defendant's Violations of *California Labor Code* Section 1198.

a.    *California Labor Code* Section 1198.

*California Labor Code* section 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 1198.

As set forth herein, Defendant continuously violated the standard and conditions of labor fixed by the commission, including but not limited to its violations of *California Labor Code* sections 1197, 1182.12, 1194, 1194.2, 1197.1, 1199, 510, 1454, 512, and 226.7, and the applicable IWC Wage Order.  These violations, all set forth herein, were against Plaintiff and any and all Aggrieved Employees.  Thus, Defendant was and is in violation of *California Labor Code* Section 1198 for continuously violating the standard conditions of labor fixed by the commission.  The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1198.

## VII.    Defendant's Violations of *California Labor Code* Section 558.

a.    *California Labor Code* Section 558.

Under *California Labor Code* Section 558:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

*Cal. Lab. Code* § 558(a)(1)-(2).

> b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 558.

As set forth herein, Defendant continuously violated provisions regulating hours and days of work in IWC Wage Orders. These violations, as set forth herein, were against Plaintiff and any and all Aggrieved Employees. Thus, Defendant was and is in violation of *California Labor Code* Section 558 for continuously violating provisions regulating hours and days of work in IWC Wage Orders and owes Plaintiff and any and all Aggrieved Employees civil penalties pursuant to Section 558. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 558.

**VIII.    Defendant's Violations of *California Labor Code* Section 2802.**

> a. *California Labor Code* Section 2802.

*California Labor Code* section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Section 2802 further states:

> All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

*Id*. at 2802(b).

Also, Section 2802 states: "For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." *Id*. at 2802(c).

> b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 2802.

Plaintiff and all other staffing employees incurred/incur expenses discharging their duties for Defendant, including but not limited to use of their cellular phone and internet service while on-call. Moreover, Plaintiff and all other staffing employees incurred/incur expenses purchasing supplies, including cleaning supplies for Defendant's office, as well as, foods for management devised office gatherings. To date, Plaintiff and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant. Plaintiff is informed and believes

13

and thereon alleges that Defendant's just-described unlawful practices continue to present day.  Also, Caregivers incur expenses discharging their duties Defendant, including but not limited to having to purchase smart phones in order to use the required timekeeping app, using their cellular phone service, and using their private automobiles to travel between Defendant's clients' homes.  Additionally, certain of Defendant's clients receive monthly allowance that are disbursed by Defendant.  When those funds are not ready for disbursement, Defendant requires the caregivers to come out of pocket to cover Defendant's clients' needs.  When caregivers do come out pocket, Defendant on occasion fails to reimburse them for the costs.  To date, Plaintiff and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant.  Plaintiff is informed and believes and thereon alleges that any and all Aggrieved Employees also were not, and to this date, have not been indemnified for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendant, including but not limited to their use of their cellular phone, internet service, printer paper, printer ink and costs paid to other persons to discharge the duties set forth by Defendant while they were out of town, or otherwise unable.  Thus for all periods specified herein, Defendant was and still is, in violation of *California Labor Code* Section 2802 for failing to indemnify Plaintiff and any and all Aggrieved Employees for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of the Defendant. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 2802.

## IX.    Defendant's Violations of *California Labor Code* Section 221 and 225.5.

### a.    *California Labor Code* Section 221 and 225.5.

Under *California Labor Code* Section 221: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."  Section 221 specifies that it is unlawful for an employer to collect or receive any part of wages already paid to an employee.  The law, though, does allow for an employee to volunteer repayment of overpaid wages. The employee must agree to this via a written authorization.

Under *California Labor Code* Section 225.5:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:
> (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
> (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

### b.    Facts and Theories Supporting Defendant's Violations of *California Labor Code* Sections 221 and 225.5.

Defendant purports it overpaid certain caregivers.  Based thereon, Defendant requires those caregivers to involuntarily execute repayment plans that allows Defendant to collect wages paid

to the caregivers. The repayment plans were involuntary because Defendant threatened the caregivers that if they did not sign the repayment plan, Defendant would no longer place them with clients, *i.e.*, Defendant would terminate the caregivers. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 221 and subdivision (c) applies to 225.5.

## X.    Defendant's Violations of *California Labor Code* Section 226 and 226.3.

a.    *California Labor Code* Section 226 and 226.3.

Under *California Labor Code* Section 226(a):

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employees wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

*Cal. Lab. Code* § 226(a).

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars

($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

*Cal. Lab. Code* § 226.3.

>    b.    Facts and Theories Supporting Defendant's Violations of *California Labor Code* Sections 226 and 226.3.

Defendant issued/issues inaccurate wage statements to all Aggrieved Employees. Specifically, the wage statements failed/fail to include Plaintiff's and all Aggrieved Employees' proper overtime rate, their proper overtime hours, all hours they worked, the number of on-call hours they worked, their on-call rate(s) of pay and the legal entity that is employing Plaintiff and all Aggrieved Employees, as well as, that employer's address. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. Accordingly, Defendant was in violation of *California Labor Code* Section 226 for failing to provide Plaintiff and any and all Aggrieved Employees itemized statements, or accurate itemized statements. Thus, Defendant is subject to the civil penalty found in Section 226.3 in addition to any other penalty provided by law. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to paragraphs (1) through (5), inclusive, (7) and (9) of subdivision (a) of *California Labor Code* Section 226 and subdivision (c) applies to 226.3.

## XI.    Defendant's Violations of *California Labor Code* Sections 1174 and 1174.5.

>    a.    *California Labor Code* Sections 1174 and 1174.5.

Under *California Labor Code* Section 1174(d): "Every person employing labor in this state shall: . . . Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to . . . ."

Under *California Labor Code* Section 1174.5:

>    Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

>    b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 1174 and 1174.5.

Because of the herein-described violations, Defendant failed/fails to keep track of all hours worked by all Aggrieved Employees. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. Accordingly, Defendant

violated *California Labor Code* Section 1174 for failing to keep Plaintiff's and any and all Aggrieved Employees of Defendant payroll records showing the hours worked daily by them and the wages paid to them. Thus, Defendant owes the civil penalties provided for in Section 1174.5. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1174 and subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1174.5.

## XI.    Defendant's Violations of *California Labor Code* Sections 201, 202, 203 and 208.

a.    *California Labor Code* Sections 201, 202, 203 and 208.

Under *California Labor Code* Section 201(a):  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Under *California Labor Code* Section 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

*Cal. Lab. Code* **§** 202(a).

Under *California Labor Code* Section 203(a):

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Pursuant to *California Labor Code* Section 208: "Every employee who is discharged shall be paid at the place of discharge, and every employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor. All payments shall be made in the manner provided by law." *Cal. Lab. Code* **§** 208.

b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 201, 202, 203 and 208.

Within 72 hours after Plaintiff resigned her employment, Defendant willfully failed to pay Plaintiff all the herein-described wages owed to her. Plaintiff is informed and believes and thereon alleges that Defendant willfully failed to pay any and all Aggrieved Employees that resigned or were

terminated all wages they earned and were owed at the place of discharge, or within 72 hours of resignation. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Sections 201, 202, 203 and 208.

### XII. Defendant's Violations of *California Labor Code* Section 558.1.

a. *California Labor Code* Section 558.1.

Under *California Labor Code* Section 558.1:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code. (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

*Cal. Lab. Code* § 558.1.

b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 558.1.

Plaintiff is informed and believes and thereon alleges that all herein-described violations were caused to be violated by Defendant. Plaintiff is further informed and believes and thereon alleges that all the herein-described violations also apply, or applied, to any and all Aggrieved Employees. Thus, Defendant is liable to Plaintiff and any and all Aggrieved Employees for violations of *California Labor Code* section 558.1. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 558.1.

### XIII. Defendant's Violations of *California Labor Code* Section 247.5.

a. *California Labor Code* Section 247.5.

*California Labor Code* Section 247.5 states in part: "An employer shall keep for at least three years records documenting the hours worked and paid sick days accrued and used by an employee, and shall allow the Labor Commissioner to access these records pursuant to the requirements set forth in Section 1174. An employer shall make these records available to an employee in the same manner as described in Section 226. If an employer does not maintain adequate records pursuant to this section, it shall be presumed that the employee is entitled to the

maximum number of hours accruable under this article, unless the employer can show otherwise by clear and convincing evidence."

b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 247.5.

On or around October 18, 2019, Plaintiff sent Defendant a written request for Defendant to produce, or give Plaintiff access to, Plaintiff's 247.5 records. As of the date of this notice, Defendant has failed to provide Plaintiff with, or access to, all of Plaintiff's 247.5. Plaintiff is further informed and believes and thereon alleges that Defendant also failed to provide records to other employees whom requested them pursuant to *California Labor Code* section 247.5.

**XIV.** **Defendant's Liability Pursuant to *California Labor Code* Section 2699, *et seq*.**

a. *California Labor Code* Section 2699, *et seq*.

Under *California Labor Code* Section 2699(a):

(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Section 2699 further states in part: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." *Cal. Lab. Code* § 2699(f)(2).

b. Facts and Theories Supporting Defendant's Liability Pursuant to *California Labor Code* Section 2699, *et seq*.

Plaintiff on behalf of Plaintiff and on behalf of the State of California and any and all Aggrieved Employees seeks the above-cited 2699, *et seq*. penalties and any and all other civil penalties available to Plaintiff, Aggrieved Employees and the State of California as a result of Defendant's various violations of the *California Labor Code* and IWC Wage Order set forth herein.

Very truly yours,
**J.B. TWOMEY LAW**

**J.B. TWOMEY**

cc:    **SENT VIA FIRST CLASS CERTIFIED MAIL TO:**
LivHOME, Inc.
Attn: Robert Higgins, Esq.

19

5670 Wilshire Blvd., Suite 500
Los Angeles, California 90036


**<u>SENT VIA FIRST CLASS CERTIFIED MAIL TO</u>:**
Bob King, Esq.
37 Trailwood
Irvine, CA 92620-1216


**<u>SUBMITTED ELECTRONICALLY TO</u>**:
State of California, Dept. of Industrial Relations
Labor and Workforce Development Agency
https://dir.tfaforms.net/207

EXHIBIT 2

# J.B. Twomey Law

7056 Archibald Street, Suite 102-452 • Corona, California 92880

Email: jb@jbtwomeylaw.com

Phone: 310.980.6357

Facsimile: 818.937.6897

November 15, 2019

**SENT VIA FIRST CLASS CERTIFIED MAIL AND E-MAIL TO:**
Bob King, Esq.
37 Trailwood
Irvine, California 92620-1216

> Re:   ***California Labor Code Private Attorneys General Act of 2004** Amended Notice*
> *Diane Khachaturian, et al. v. LivHome, Inc.*
> LWDA Case No.:  LWDA-CM-755749-19
> Federal Court Case No.:  Unassigned

Dear Mr. King:

This amended notice is made pursuant to the *Labor Code Private Attorneys General Act of 2004* (hereinafter referred to as "PAGA") and being sent to you as legal counsel for LivHome, Inc. This notice amends and relates back to Diane Khachaturian's (hereinafter referred to as "Plaintiff") November 5, 2019 PAGA notice by adding new plaintiffs and additional facts and theories supporting LivHome, Inc.'s previously alleged violations of the *California Labor Code*. The new plaintiffs, Arevat Atoyan and Anush Atoyan (hereinafter collectively referred to as "Atoyans") are employed by LivHome, Inc. as non-exempt caregivers.

Plaintiff and Atoyans, on behalf of themselves, the State of California, and on behalf of any and all other current and former non-exempt employees of LivHome, Inc.; and DOES 1 through 25 (hereinafter collectively referred to as "Defendant") are informed and believe and thereon allege, Defendant has and is violating the following *California Labor Code* sections: 204; 210; 1197; 1182.12; 1194; 1194.2; 1197.1; 1199; 510; 1454; 204.3; 512; 226.7; 1198; 558; 2802; 221; 225.5; 226; 226.3; 1174; 1174.5; 201; 202; 203; 208; 558.1; and 247.5.

Plaintiff and Atoyans implores California's Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and Defendant alike to investigate every aspect of the herein detailed violations as they pertain to Plaintiff, Atoyans and any and all of Defendant's current and former non-exempt California employees, including all office employees and caregivers. Hereinafter, any and all of Defendant's current and former non-exempt California office/staffing employees and caregivers working/based out of, including but not limited to, Defendant's Paso Robles, Walnut Creek, San Jose, Riverside, Palm Desert, Santa Barbara, Los Angeles and Orange County locations are collectively referred to as "Aggrieved Employees." And Plaintiff, Atoyans, as well as, any and all Aggrieved Employees were, and are being subjected to, *inter alia*, Defendant's herein-described violations.

1

Plaintiff and Atoyans are informed and believe and based thereupon allege that at all relevant times herein mentioned each Defendant and Does 1 through 25, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator, member, co-conspirator, co-employer, integrated enterprise and/or joint venturer or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants has ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of its agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this notice.

## **FACTS AND THEORIES**

Plaintiff was hired by Defendant on or around August 14, 2000 as a non-exempt staffing employee. On or around August 2019, Plaintiff resigned her employment. Within 72 hours of her resignation, Defendant willfully failed to pay her all wages earned and owing as set forth herein. Arevat Atoyan was hired by Defendant in or around October 2015 as a non-exempt caregiver. Anush Atoyan was hired by Defendant on or around November 1, 2016 as a non-exempt caregiver. The Atoyans are still employed by Defendant.

Plaintiff and all other staffing employees were/are required to engage in on-call work. First, when they were/are required to engage in on-call work during a workday that did/does not exceed 8 hours of work, they were/are paid a flat rate, ranging between $25.00 and $125.00 regardless of the number of hours worked. At times, this resulted/results in Defendant paying Plaintiff and all other staffing employees a wage less than California's prevailing minimum wage. It further resulted/results in Defendant failing to pay Plaintiff and all other staffing employees lawful overtime premiums. Second, when they were/are required to engage in on-call work during a workday that resulted/results in them working more than 8 hours in a single work-day, they were/are only paid for portions of their on-call work, resulting in Defendant failing to pay them proper overtime wages. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Plaintiff, Atoyans and all other staffing employees were/are paid an incentive bonuses. The more caregiver jobs that are staffed/staff, the more money Defendant made/makes, and based thereon, Defendant provided/provides them bonuses during most bi-weekly pay periods. However, Defendant failed/fails to include these bonuses when renumerating Plaintiff's, Atoyan's and all Aggrieved Employees' regular rate during the particular workweek within which the incentive bonuses were/are paid. This resulted/results in Defendant failing to pay all Aggrieved Employees their lawful overtime rates. And when Defendant failed/fails to pay them their proper overtime wages, it also failed/fails to provide them compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation was/is required by law. Additionally, Defendant simply failed/fails to pay Plaintiff and all other staffing employees all bonuses earned. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

2

Defendant failed/fails to make uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff and all other staffing employees. Similarly, Defendant failed/fails to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff and all other staffing employees worked/work. Specifically, Defendant never made/makes Plaintiff and all other staffing employees aware they were/are able to take meal and rest periods because Defendant's staffing offices are too busy to allow for meal and rest periods. Any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties. And the amount of hands-on, at the ready work required made/makes rest periods an impossibility. And when Plaintiff and all other staffing employees was/are not provided their meal and/or rest periods, Defendant failed/fails to pay him an additional hour at their regular rate of pay. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

In early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Additionally, Plaintiff and all other staffing employees incurred/incur expenses discharging their duties for Defendant, including but not limited to use of their cellular phone and internet service while on-call. Moreover, Plaintiff and all other staffing employees incurred/incur expenses purchasing supplies, including cleaning supplies for Defendant's office, as well as, foods for management devised office gatherings. To date, Plaintiff and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

The Atoyans confirm all allegations set forth herein, including the following. Defendant also consistently violated/violates the *California Labor Code* as it pertains to its caregivers. First, Defendant has certain clients it calls "Original Center Clients" (hereinafter "OCC"). When Defendant provides service for these-so-called OCC, it is not paid as much as it is when it provides service to other clients. Thus, Defendant simply refuses to pay the caregivers it assigns to OCC time and one half their regular rate regardless of the number of hours spent providing care for the OCC. Thus, when a caregiver works more than 9 hours in a given day, or eclipses 45 hours in week provided care to an OCC, Defendant fails to pay them their lawful overtime compensation. Second, Defendant refused to pay caregivers time and one half their regular rate for shifts lasting more than 9 hours that start before midnight on Fridays and end after midnight on Fridays. Third, Defendant required/requires all caregivers to use a smart phone based-app to keep track of their hours. Many of the caregivers are unable and/or unfamiliar with smart phone apps, making the inputting of work hours tedious or impossible. When caregivers fail to input the work hours, or proper work hours, Defendant simply refuses to pay them for those hours. Moreover,

3

using/attempting to use the app adds worktime to certain caregivers' shifts that go unpaid. Fourth, Defendant on occasion simply refuses to pay caregivers for all hours worked. Fifth, when a caregivers travel from one client's home to the next client's home, Defendant fails to pay them for their travel time, and refuses to conjoin the shifts for overtime purposes, *i.e.*, Defendant refuses to pay time and one half the caregivers' regular rate of pay when both/all shits result in work over 9 hours in that particular workday. Sixth, caregivers incur expenses discharging their duties Defendant, including but not limited to having to purchase smart phones in order to use the required timekeeping app, using their cellular phone service, and using their private automobiles to travel between Defendant's clients' homes. Additionally, certain of Defendant's clients receive monthly allowance that are disbursed by Defendant. When those funds are not ready for disbursement, Defendant requires the caregivers to come out of pocket to cover Defendant's clients' needs. When caregivers do come out pocket, Defendant on occasion fails to reimburse them for the costs. To date, Plaintiff, Atoyans and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant. Finally, Defendant purports it overpaid certain caregivers. Based thereon, Defendant requires those caregivers to involuntarily execute repayment plans that allows Defendant to collect wages paid to the caregivers. The repayment plans were involuntary because Defendant threatened the caregivers that if they did not sign the repayment plan, Defendant would no longer place them with clients, *i.e.*, Defendant would terminate the caregivers. Plaintiff and Atoyans are informed and believe and thereon allege that Defendant's just-described unlawful practices continue to present day.

The Atoyans add the following facts and theories. During most pay periods, Atoyans and all caregivers are paid two or more different regular wage rates. However, Defendant incorrectly applied the rates when renumerating Atoyans and all caregivers' regular rate during the particular workweek within which they earned two or more regular rates and overtime. This resulted/results in Defendant failing to pay Atoyans and all caregivers their lawful overtime rates. And when Defendant failed/fails to pay them their proper overtime wages, it also failed/fails to provide them compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation was/is required by law.

Defendant also issued/issues inaccurate wage statements to all Aggrieved Employees. Specifically, the wage statements failed/fail to include Plaintiff's and all Aggrieved Employees' proper overtime rate, their proper overtime hours, their proper regular rate hours, all hours they worked, the number of on-call hours they worked, their on-call rate(s) of pay and the legal entity that is employing Plaintiff and all Aggrieved Employees, as well as, that employer's address. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Because of the herein-described violations of California's minimum wage and overtime laws, Plaintiff and all Aggrieved Employees were/are not paid all wages they earned/earn twice during a calendar month. Also because of the herein-described violations, Defendant failed/fails to keep track of all hours worked by all Aggrieved Employees. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Within 72 hours after Plaintiff resigned her employment, Defendant willfully failed to pay Plaintiff all the herein-described wages owed to her. Plaintiff is informed and believes and thereon alleges that any and all Aggrieved Employees that resigned or were terminated were also not paid all wages they earned and were owed at the place of discharge, or within 72 hours of resignation. Plaintiff

is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

On or around October 18, 2019, Plaintiff sent Defendant a written request for Defendant to produce, or give Plaintiff access to, Plaintiff's 247.5 records. As of the date of this notice, Defendant has failed to provide Plaintiff with, or access to, all of Plaintiff's 247.5. Plaintiff is further informed and believes and thereon alleges that Defendant also failed to provide records to other employees whom requested them pursuant to *California Labor Code* section 247.5.

Plaintiff and Atoyans are informed and believe and thereon allege that any and all Aggrieved Employees, were also subjected to all of Defendant's *California Labor Code* violations set forth herein. Plaintiff was paid bi-weekly, thus, had bi-weekly pay periods and the herein-described violations took place during each and every pay period worked by Plaintiff and all office employees during the year last past up to the present. Atoyans were paid weekly, thus, had weekly pay periods and the herein-described violations took place during each and every pay period worked by Atoyans and all caregivers during the year last past up to the present.

Plaintiff and Atoyans on behalf of themselves and on behalf of the State of California and any and all Aggrieved Employees seeks the herein-cited 2699, *et seq.* penalties and any and all other civil penalties available to Plaintiff, Atoyans, Aggrieved Employees and the State of California as a result of Defendant's various violations of the *California Labor Code* and IWC Wage Order set forth herein.

## DEFENDANT'S VIOLATIONS

### I.    Defendant's Violations of *California Labor Code* Sections 204 and 210.

a.    *California Labor Code* Sections 204 and 210.

"All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." *California Labor Code* Section 204.

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

*California Labor Code* § 210.

b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 204 and 210.

As set forth herein, in violation of Section 204, Defendant failed to pay all wages earned by Plaintiff and Atoyans pursuant to *California Labor Code* sections 1197, 1182.12, 1194, 510 and 1454

twice during each calendar month. Plaintiff and Atoyans are informed and believe and thereon allege that Defendant also failed to pay any and all Aggrieved Employees all wages earned twice during each calendar month. And, thus, Defendant owes civil penalties pursuant to Section 210. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 204 and provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 210.

## II.   Defendant's Violations of *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199.

a.   *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199.

Under *California Labor Code* Section 1197:

> The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

*Cal. Labor Code* § 1197.

Under *California Labor Code* Section 1182.12:

> Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

*Cal. Labor Code* § 1182.12.

Under *California Labor Code* Section 1194(a):

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

*Cal. Labor Code* § 1194(a).

Under *California Labor Code* Section 1194.2(a):

> In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully

unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

*Cal. Labor Code* § 1194.2(a).

Under *California Labor Code* Section 1197.1(a):

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 . . . .

*Cal. Labor Code* § 1197.1(a).

Under *California Labor Code* Section 1199:

Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

*Cal. Labor Code* § 1199.

b.  Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199.

Plaintiff and all other staffing employees were/are required to engage in on-call work. First, when they were/are required to engage in on-call work during a workday that did/does not exceed 8 hours of work, they were/are paid a flat rate, ranging between $25.00 and $125.00 regardless of the number of hours worked. At times, this resulted/results in Defendant paying Plaintiff and all other staffing employees a wage less than California's prevailing minimum wage. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. Defendant required/requires all caregivers to use a smart phone based-app to keep track of their hours. Many of the caregivers are unable and/or unfamiliar with smart phone apps, making the inputting of work hours tedious or impossible. When caregivers fail to input the work hours, or proper work hours, Defendant simply refuses to pay them for those hours. Moreover, using/attempting to use the app adds worktime to certain caregivers' shifts that go unpaid. Also, Defendant on occasion simply refuses to pay caregivers for all hours worked. And when a caregivers travel from one client's

home to the next client's home, Defendant fails to pay them for their travel time, and refuses to conjoin the shifts for overtime purposes, *i.e.*, Defendant refuses to pay time and one half the caregivers' regular rate of pay when both/all shits result in work over 9 hours in that particular workday.  Plaintiff is informed and believes and thereon alleges that as just-described any and all Aggrieved Employees also were not paid California's prevailing minimum wage.   To date, Defendant, in violation of *California Labor Code* Sections 1197, 1182.12, 1194, 1194.2, 1197.1 and 1199 has not paid Plaintiff the prevailing minimum wage for all hours she worked, the liquidated damages pursuant to Section 1194.2, or civil penalties owing.  Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Sections 1197, 1194, 1194.2, 1197.1 and 1199, has failed to all Aggrieved Employees the prevailing minimum wage for all hours they worked, the liquidated damages pursuant to Section 1194.2, or civil penalties owing.  The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Sections 1197, 1194, 1197.1 and 1199, and provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1182.12 and 1194.2.

### III.    Defendant's Violations of *California Labor Code* Sections 510, 1454 and 204.3.

a.    *California Labor Code* Sections 510, 1454 and 204.3.

Under *California Labor Code* Section 510(a):

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

Under *California Labor Code* Section 1454: "A domestic work employee who is a personal attendant shall not be employed more than nine hours in any workday or more than 45 hours in any workweek unless the employee receives one and one-half times the employee's regular rate of pay for all hours worked over nine hours in any workday and for all hours worked more than 45 hours in the workweek."

> An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law. If an hour of employment would otherwise be compensable at a rate of more than one and one-half times the employee's regular rate of compensation, then the employee may receive compensating time off commensurate with the higher rate."

*California Labor Code* Section 204.3.

b.    Facts and Theories Supporting Defendant's Violations of *California Labor Code* Sections 510, 1454 and 204.3.

Plaintiff and all other staffing employees were/are required to engage in on-call work.  First, when they were/are required to engage in on-call work during a workday that did/does not exceed 8

hours of work, they were/are paid a flat rate, ranging between $25.00 and $125.00 regardless of the number of hours worked. At times, this resulted/results in Defendant failing to pay Plaintiff and all other staffing employees lawful overtime premiums. Second, when they were/are required to engage in on-call work during a workday that resulted/results in them working more than 8 hours in a single work-day, they were/are only paid for portions of their on-call work, resulting in Defendant failing to pay them proper overtime wages. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.

Plaintiff, Atoyans and all other staffing employees were/are paid an incentive bonuses. The more caregiver jobs that are staffed/staff, the more money Defendant made/makes, and based thereon, Defendant provided/provides them bonuses during most bi-weekly pay periods. However, Defendant failed/fails to include these bonuses when renumerating Plaintiff's, Atoyan's and all Aggrieved Employees' regular rate during the particular workweek within which the incentive bonuses were/are paid. This resulted/results in Defendant failing to pay all Aggrieved Employees their lawful overtime rates. During most pay periods, Atoyans and all caregivers are paid two or more different regular wage rates. However, Defendant incorrectly applied the rates when renumerating Atoyans and all caregivers' regular rate during the particular workweek within which they earned two or more regular rates and overtime. This resulted/results in Defendant failing to pay Atoyans and all caregivers their lawful overtime rates. And when Defendant failed/fails to pay them their proper overtime wages, it also failed/fails to provide them compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation was/is required by law. Additionally, Defendant simply failed/fails to pay Plaintiff and all other staffing employees all bonuses earned. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. And in early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. Defendant also consistently violated/violates the *California Labor Code* as it pertains to its caregivers. First, Defendant has certain clients it calls OCC. When Defendant provides service for these-so-called OCC, it is not paid as much as it is when it provides service to other clients. Thus, Defendant simply refuses to pay the caregivers it assigns to OCC time and one half their regular rate regardless of the number of hours spent providing care for the OCC. Thus, when a caregiver works more than 9 hours in a given day, or eclipses 45 hours in week provided care to an OCC, Defendant fails to pay them their lawful overtime compensation. Second, Defendant refused to pay caregivers time and one half their regular rate for shifts lasting more than 9 hours that start before midnight on Fridays and end after midnight on Fridays. Third, Defendant required/requires all caregivers to use a smart phone based-app to keep track of their hours. Many of the caregivers are unable and/or unfamiliar with smart phone apps, making the inputting of work hours tedious or impossible. When caregivers fail to input the work hours, or proper work hours, Defendant simply refuses to pay them for those hours. Moreover, using/attempting to use the app adds worktime to certain caregivers' shifts that go

unpaid. Fourth, when a caregivers travel from one client's home to the next client's home, Defendant fails to pay them for their travel time, and refuses to conjoin the shifts for overtime purposes, *i.e.*, Defendant refuses to pay time and one half the caregivers' regular rate of pay when both/all shits result in work over 9 hours in that particular workday. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. To date, Defendant, in violation of *California Labor Code* Section 510, has not paid Plaintiff for all overtime hours she worked. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Section 510 and 204.3, has not paid any and all Aggrieved Employees for the overtime hours they worked, nor gave them time off as required by law. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 510, and subdivision (c) applies to 1454 and 204.3.

## IV.    Defendant's Violations of *California Labor Code* Section 512.

  a.    *California Labor Code* Section 512.

Under *California Labor Code* Section 512(a):

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Under *California Labor Code* Section 226.7(c):

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

  b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 512.

Defendant failed/fails to make uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff and all other staffing employees. Similarly, Defendant failed/fails to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff and all other staffing employees worked/work.

Specifically, Defendant never made/makes Plaintiff and all other staffing employees aware they were/are able to take meal and rest periods because Defendant's staffing offices are too busy to allow for meal and rest periods. Any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties. And the amount of hands-on, at the ready work required made/makes rest periods an impossibility. And when Plaintiff and all other staffing employees was/are not provided their meal and/or rest periods, Defendant failed/fails to pay him an additional hour at their regular rate of pay. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. In early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. To date, Defendant, in violation of *California Labor Code* sections 512 and 226.7(c), has not paid Plaintiff one additional hour of pay at her regular rate of compensation for each workday that her meal period was not provided. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* section 512 and 226.7(c), has not paid any and all Aggrieved Employees one additional hour of pay at their regular rate of compensation for each workday that their meal period was not provided. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 512.

## V.    Defendant's Violations of *California Labor Code* Section 226.7.

### a.    *California Labor Code* Section 226.7.

Under *California Labor Code* Section 226.7(b):
> An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

Pursuant to the *California Labor Code* and Wage Order 4-2001, employees are entitled to a rest period of not less than ten (10) minutes for each consecutive four (4) hour shift worked or major fraction thereof.

Under *California Labor Code* Section 226.7(c), "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay

at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

> b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 226.7.

Defendant failed/fails to make uninterrupted meal periods of not less than thirty (30) minutes available to Plaintiff and all other staffing employees. Similarly, Defendant failed/fails to make available uninterrupted rest periods of not less than ten (10) minutes for every four (4) hours, or substantial portion thereof, Plaintiff and all other staffing employees worked/work. Specifically, Defendant never made/makes Plaintiff and all other staffing employees aware they were/are able to take meal and rest periods because Defendant's staffing offices are too busy to allow for meal and rest periods. Any meals were/are eaten at Plaintiff's and all other staffing employees' desk while they perform their continuous duties. And the amount of hands-on, at the ready work required made/makes rest periods an impossibility. And when Plaintiff and all other staffing employees was/are not provided their meal and/or rest periods, Defendant failed/fails to pay him an additional hour at their regular rate of pay. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. In early 2019, Defendant misclassified Plaintiff and all other staffing employees as exempt, paying them a set salary regardless of the number of hours worked per day, or week. Specifically, (1) Plaintiff's and all other staffing employees' duties did/do involve the management of Defendant's enterprise, nor were/are they related to management policies or general business operations, (2) Plaintiff and all other staffing employees need not be licensed or certified by the State of California to perform their duties and they are not engaged in an occupation commonly recognized as a learned or artistic profession. Because Defendant misclassified Plaintiff and all other staffing employees, Defendant willfully failed/fails to pay Plaintiff and all other staffing employees for all hours worked, namely failed/fails to pay them all proper overtime compensation. Of course, Defendant also continued/continues failing to provide them all required meal and rest breaks. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. To date, Defendant, in violation of *California Labor Code* Section 226.7(c), has not paid Plaintiff one additional hour of pay at her regular rate of compensation for each workday that both or either of her meal or rest periods were not provided. Plaintiff is informed and believes and thereon alleges that to date, Defendant, in violation of *California Labor Code* Section 226.7(c), has not paid any and all Aggrieved Employees one additional hour of pay at their regular rate of compensation for each workday that both or either of their meal or rest periods were not provided. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 226.7.

## VI.    **Defendant's Violations of *California Labor Code* Section 1198.**

> a. *California Labor Code* Section 1198.

*California Labor Code* section 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

///

b. <u>Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 1198.</u>

As set forth herein, Defendant continuously violated the standard and conditions of labor fixed by the commission, including but not limited to its violations of *California Labor Code* sections 1197, 1182.12, 1194, 1194.2, 1197.1, 1199, 510, 1454, 512, and 226.7, and the applicable IWC Wage Order. These violations, all set forth herein, were against Plaintiff, Atoyans and any and all Aggrieved Employees. Thus, Defendant was and is in violation of *California Labor Code* Section 1198 for continuously violating the standard conditions of labor fixed by the commission. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1198.

## VII.    <u>Defendant's Violations of *California Labor Code* Section 558.</u>

a. <u>*California Labor Code* Section 558.</u>

Under *California Labor Code* Section 558:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

*Cal. Lab. Code* § 558(a)(1)-(2).

b. <u>Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 558.</u>

As set forth herein, Defendant continuously violated provisions regulating hours and days of work in IWC Wage Orders. These violations, as set forth herein, were against Plaintiff, Atoyans and any and all Aggrieved Employees. Thus, Defendant was and is in violation of *California Labor Code* Section 558 for continuously violating provisions regulating hours and days of work in IWC Wage Orders and owes Plaintiff, Atoyans and any and all Aggrieved Employees civil penalties pursuant to Section 558. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 558.

///

///

## VIII.   **Defendant's Violations of *California Labor Code* Section 2802.**

a.   *California Labor Code* Section 2802.

*California Labor Code* section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Section 2802 further states:

> All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

*Id*. at 2802(b).

Also, Section 2802 states:  "For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."  *Id*. at 2802(c).

b.   Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 2802.

Plaintiff and all other staffing employees incurred/incur expenses discharging their duties for Defendant, including but not limited to use of their cellular phone and internet service while on-call. Moreover, Plaintiff and all other staffing employees incurred/incur expenses purchasing supplies, including cleaning supplies for Defendant's office, as well as, foods for management devised office gatherings.  To date, Plaintiff and all other staffing employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant.  Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.  Also, Atoyans and Caregivers incur expenses discharging their duties Defendant, including but not limited to having to purchase smart phones in order to use the required timekeeping app, using their cellular phone service, and using their private automobiles to travel between Defendant's clients' homes. Additionally, certain of Defendant's clients receive monthly allowance that are disbursed by Defendant.  When those funds are not ready for disbursement, Defendant requires the Atoyans and caregivers to come out of pocket to cover Defendant's clients' needs.  When Atoyans and caregivers do come out pocket, Defendant on occasion fails to reimburse them for the costs.  To date, Plaintiff, Atoyans and all Aggrieved Employees have not been reimbursed for the costs associated with carrying out their assigned duties for Defendant.  Plaintiff and Atoyans are informed and believe and thereon allege that any and all Aggrieved Employees also were not, and to this date, have not been indemnified for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendant, including but not limited to their use of their cellular phone, internet service, printer paper, printer ink and costs paid to other

14

persons to discharge the duties set forth by Defendant while they were out of town, or otherwise unable. Thus for all periods specified herein, Defendant was and still is, in violation of *California Labor Code* Section 2802 for failing to indemnify Plaintiff, Atoyans and any and all Aggrieved Employees for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of the Defendant. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 2802.

IX.    **Defendant's Violations of *California Labor Code* Section 221 and 225.5.**

      a.    *California Labor Code* Section 221 and 225.5.

Under *California Labor Code* Section 221: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Section 221 specifies that it is unlawful for an employer to collect or receive any part of wages already paid to an employee. The law, though, does allow for an employee to volunteer repayment of overpaid wages. The employee must agree to this via a written authorization.

Under *California Labor Code* Section 225.5:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:
(a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
(b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

      b.    Facts and Theories Supporting Defendant's Violations of *California Labor Code* Sections 221 and 225.5.

Defendant purports it overpaid Atoyans and caregivers. Based thereon, Defendant requires Atoyans and caregivers to involuntarily execute repayment plans that allows Defendant to collect wages paid to the them. The repayment plans were involuntary because Defendant threatened the Atoyans and caregivers that if they did not sign the repayment plan, Defendant would no longer place them with clients, *i.e.*, Defendant would terminate them. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 221 and subdivision (c) applies to 225.5.

X.    **Defendant's Violations of *California Labor Code* Section 226 and 226.3.**

      a.    *California Labor Code* Section 226 and 226.3.

Under *California Labor Code* Section 226(a):

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employees wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

*Cal. Lab. Code* § 226(a).

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

*Cal. Lab. Code* § 226.3.

///

///

16

      b.  <u>Facts and Theories Supporting Defendant's Violations of *California Labor Code* Sections 226 and 226.3</u>.

Defendant issued/issues inaccurate wage statements to all Aggrieved Employees. Specifically, the wage statements failed/fail to include Plaintiff's and all Aggrieved Employees' proper overtime rate, their proper overtime hours, their proper regular rate hours, all hours they worked, the number of on-call hours they worked, their on-call rate(s) of pay and the legal entity that is employing Plaintiff and all Aggrieved Employees, as well as, that employer's address. Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day. Accordingly, Defendant was in violation of *California Labor Code* Section 226 for failing to provide Plaintiff, Atoyans and any and all Aggrieved Employees itemized statements, or accurate itemized statements. Thus, Defendant is subject to the civil penalty found in Section 226.3 in addition to any other penalty provided by law. The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to paragraphs (1) through (5), inclusive, (7) and (9) of subdivision (a) of *California Labor Code* Section 226 and subdivision (c) applies to 226.3.

**XI.**    <u>**Defendant's Violations of *California Labor Code* Sections 1174 and 1174.5.**</u>

      a.  <u>*California Labor Code* Sections 1174 and 1174.5</u>.

Under *California Labor Code* Section 1174(d): "Every person employing labor in this state shall: . . . Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to . . . ."

Under *California Labor Code* Section 1174.5:

> Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

      b.  <u>Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 1174 and 1174.5</u>.

Because of the herein-described violations, Defendant failed/fails to keep track of all hours worked by all Aggrieved Employees. Plaintiff and Atoyans are informed and believe and thereon allege that Defendant's just-described unlawful practices continue to present day. Accordingly, Defendant violated *California Labor Code* Section 1174 for failing to keep Plaintiff's, Atoyans' and any and all Aggrieved Employees of Defendant payroll records showing the hours worked daily by them and the wages paid to them. Thus, Defendant owes the civil penalties provided for in Section 1174.5. The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees. The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1174 and subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 1174.5.

**XI.**    **Defendant's Violations of *California Labor Code* Sections 201, 202, 203 and 208.**

    a.    *California Labor Code* Sections 201, 202, 203 and 208.

Under *California Labor Code* Section 201(a):  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Under *California Labor Code* Section 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

*Cal. Lab. Code* **§** 202(a).

Under *California Labor Code* Section 203(a):

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Pursuant to *California Labor Code* Section 208: "Every employee who is discharged shall be paid at the place of discharge, and every employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor. All payments shall be made in the manner provided by law." *Cal. Lab. Code* **§** 208.

    b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Sections 201, 202, 203 and 208.

Within 72 hours after Plaintiff resigned her employment, Defendant willfully failed to pay Plaintiff all the herein-described wages owed to her.  Plaintiff is informed and believes and thereon alleges that Defendant willfully failed to pay any and all Aggrieved Employees that resigned or were terminated all wages they earned and were owed at the place of discharge, or within 72 hours of resignation.  Plaintiff is informed and believes and thereon alleges that Defendant's just-described unlawful practices continue to present day.  The Labor and Workforce Development Agency and Defendant should investigate these violations as applying to all Aggrieved Employees.  The provisions of subdivision (a) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Sections 201, 202, 203 and 208.

///

## XII.    Defendant's Violations of *California Labor Code* Section 558.1.

a.    *California Labor Code* Section 558.1.

Under *California Labor Code* Section 558.1:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.  (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

*Cal. Lab. Code* § 558.1.

b.    Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 558.1.

Plaintiff and Atoyans are informed and believe and thereon allege that all herein-described violations were caused to be violated by Defendant.  Plaintiff and Atoyans are further informed and believe and thereon allege that all the herein-described violations also apply, or applied, to any and all Aggrieved Employees.  Thus, Defendant is liable to Plaintiff, Atoyans and any and all Aggrieved Employees for violations of *California Labor Code* section 558.1.  The Labor and Workforce Development Agency and Defendant should investigate this violation as applying to all Aggrieved Employees.  The provisions of subdivision (c) of *California Labor Code* Section 2699.3 applies to *California Labor Code* Section 558.1.

## XIII.    Defendant's Violations of *California Labor Code* Section 247.5.

a.    *California Labor Code* Section 247.5.

*California Labor Code* Section 247.5 states in part: "An employer shall keep for at least three years records documenting the hours worked and paid sick days accrued and used by an employee, and shall allow the Labor Commissioner to access these records pursuant to the requirements set forth in Section 1174. An employer shall make these records available to an employee in the same manner as described in Section 226. If an employer does not maintain adequate records pursuant to this section, it shall be presumed that the employee is entitled to the maximum number of hours accruable under this article, unless the employer can show otherwise by clear and convincing evidence."

///

///

b. Facts and Theories Supporting Defendant's Violation of *California Labor Code* Section 247.5.

On or around October 18, 2019, Plaintiff sent Defendant a written request for Defendant to produce, or give Plaintiff access to, Plaintiff's 247.5 records. As of the date of this notice, Defendant has failed to provide Plaintiff with, or access to, all of Plaintiff's 247.5. Plaintiff is further informed and believes and thereon alleges that Defendant also failed to provide records to other employees whom requested them pursuant to *California Labor Code* section 247.5.

## XIV.  Defendant's Liability Pursuant to *California Labor Code* Section 2699, *et seq*.

a. *California Labor Code* Section 2699, *et seq*.

Under *California Labor Code* Section 2699(a):

(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Section 2699 further states in part:  "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  *Cal. Lab. Code* § 2699(f)(2).

b. Facts and Theories Supporting Defendant's Liability Pursuant to *California Labor Code* Section 2699, *et seq*.

Plaintiff and Atoyans on behalf of themselves and on behalf of the State of California and any and all Aggrieved Employees seek the above-cited 2699, *et seq*. penalties and any and all other civil penalties available to Plaintiff, Atoyans, Aggrieved Employees and the State of California as a result of Defendant's various violations of the *California Labor Code* and IWC Wage Order set forth herein.

Very truly yours,
**J.B. TWOMEY LAW**

**J.B. TWOMEY**

cc:  **SUBMITTED ELECTRONICALLY TO**:
State of California, Dept. of Industrial Relations
Labor and Workforce Development Agency
https://dir.tfaforms.net/201